IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBRA D. PERRY-HORBAL,
*as Administratrix of the Estate of*
*James P. Horbal*,

                        Plaintiff,

v.                                                    CIVIL ACTION NO.   2:26-cv-00230

ADVENTURE WEST VIRGINA
RESORT, LLC, *doing business as*
*Adventures on the Gorge*,

                        Defendant.

MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion to Dismiss* (Document 6), the *Memorandum in Support of Defendant's Motion to Dismiss* (Document 7), the *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss* (Document 10), the *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (Document 11), as well as the *Complaint* (Document 1).   For the reasons stated herein, the Court finds that the motion should be granted.

FACTUAL ALLEGATIONS

The Plaintiff, Debra D. Perry-Horbal, as Administratrix of the Estate of James P. Horbal, initiated this action on March 30, 2026.   She named as the Defendant Adventure West Virginia Resort, LLC, a commercial whitewater outfitter that "advertises and offers various guided rafting trips along the Lower and Upper New River and Gauley River."   (Compl. at ¶ 2.)

The Plaintiff's husband, the Decedent James Horbal, made online reservations with the Defendant to take a first-time family whitewater rafting trip, reserving the half-day Lower New River "Rapid Run" trip.   The Defendant "advertises the 'Rapid Run' trip on its website as 'perfect for first-time rafters, families with kids 12+', and as a two (2) to three and a half (3.5) hour trip 'on Class III-IV waves.'" (*Id.* at ¶ 10.)   The Defendant did not advertise or mention the possibility of encountering Class V waves on the "Rapid Run" trip, and had it done so, the Plaintiff and her family would have never reserved the trip.

In the days preceding the trip, the weather in Fayette County, West Virginia, "had been severe, in the form of heavy rain, storms, extreme wind, and extreme change in temperatures from warm to cold, freezing." (*Id.* at ¶ 11.)   Mr. Horbal contacted the Defendant on April 2, 2024, requesting to cancel the trip, but the Defendant denied the request, "stat[ing] the trip would proceed rain or shine and that it would not be a problem because they had made rafting trips in similar weather before." (*Id.*)   The Horbal family traveled from Williamsburg, Virginia, to West Virginia, arriving on April 3, 2024.   On April 4, 2024, the Horbal family prepared for their rafting trip at the Defendant's lodge utilizing the Defendant's supplied rafting gear.   Prior to boarding the bus to travel to the river, the Defendant "required Mr. Horbal to execute a *Release of Liability, Waiver of Rights, Assumption of Risk and Indemnity Agreement* on behalf of himself and the family to proceed on the trip."[1]

---

[1] The Agreement contained a forum selection clause and a choice of law provision, which provide:

> **I AGREE** that the exclusive venue of any suit or claim against the Released Parties for any reason whatsoever shall be the Magistrate or Circuit Courts of Fayette County, West Virginia; I consent to the jurisdiction of such Courts as to any action against me to enforce this Agreement; and I agree that this Agreement is to be enforced in accordance with the law of the State of West Virginia.

(Document 7-1 at 2.)

The Horbal family, after hearing a pre-trip speech from their guide, entered their raft and began down the Lower New River, which was high and still rising.   The Horbal family was not informed that they would encounter Class V rapids until after they boarded their raft.   During the rafting trip, Mr. Horbal was thrown twice from the raft due to large waves and was swept downstream after being thrown the second time.[2]   Safety kayakers chased Mr. Horbal, brought him to shore, and performed CPR.[3]   EMS arrived over an hour later and pronounced Mr. Horbal dead from drowning around two hours after the incident.

The Plaintiff asserts the following claims: Count I – Violation of Statutory Duty, Standard of Care, & Prima Facie Negligence, and Count II – Negligence, Gross Negligence, Reckless, and/or Intentional Conduct.

## DISCUSSION

The Defendant moves to dismiss under the doctrine of forum non conveniens.   It asserts that Mr. Horbal signed a *Release of Liability, Waiver of Rights, Assumptions of Risk and Indemnity Agreement*, which contains a valid forum selection clause, on behalf of himself and his family as required by the Defendant prior to participating in whitewater rafting.   The Defendant argues that the forum selection clause contained in the Agreement is mandatory given that it provides that venue in the Magistrate or Circuit Courts of Fayette County, West Virginia, is "exclusive," therefore leaving no room for another forum to hear this case, and that federal policy favors the enforcement of such clauses.   Additionally, the Defendant argues that Mr. Horbal was free to sign or not sign the Agreement and that he was not coerced into signing it.   The Defendant further

---

[2] The Plaintiff, the Horbal children, and the guide were also thrown from the raft.   The guide managed to get back into the raft after being thrown twice with Mr. Horbal.   The Plaintiff and minor children, after being thrown from the raft once, ended up stranded on the sides of the river, but were later rescued.

[3] The Plaintiff and minor children witnessed CPR being performed on Mr. Horbal.

argues that the Plaintiff does not challenge the validity of the forum selection clause and instead argues that the entire Agreement is unenforceable based on the liability waiver provision being invalid. It contends that the Agreement is much broader in scope than just liability waiver and that it contains several other provisions in addition to the valid and mandatory forum selection clause, including a severability clause. Citing *Williams v. MJC Acquisition, LLC*, No. 3:19-0643, 2020 WL 597464 (S.D. W. Va. Feb. 6, 2020), it further contends that the "Plaintiff's attack on the validity of the Agreement is an insufficient basis for rejecting an otherwise valid forum-selection clause," and that the "Court should look to the enforceability of the forum selection clause in the subject Agreement apart from any allegations made by Plaintiff related to the underlying validity of the Agreement." (Def.'s Reply at 6.)

The Plaintiff argues that the Defendant's motion should be denied because "the entire release agreement containing the forum selection clause is invalid, void, and unenforceable." (Pl.'s Resp. at 1.) She asserts the Agreement is both procedurally and substantively unconscionable. She argues that the Agreement is procedurally unconscionable because it was presented to Mr. Horbal just prior to him and his family starting their rafting trip, after paying for tickets and traveling hundreds of miles, and with only a few moments to review the Agreement, no time to consult counsel, and without being advised that Class V rapids would be encountered. She further argues that the Agreement is substantively unconscionable because it does nothing but benefit the Defendant and burdens individuals by stripping their right to sue and their rights and access to federal courts. The Plaintiff, citing the West Virginia Whitewater Responsibility Act, codified as W Va. Code § 20-3B-1 *et seq.*, and W. Va. Code § 20-2-23c, further asserts that West Virginia has a public policy against defendants absolving themselves of any duties and obligations

4

required by safety statutes and regulations.    She contends that as a result, "[t]he Agreement is void and unenforceable as a matter of law because it seeks to relieve the Defendant from mandatory statutory duties and obligations."    (Pl.'s Resp. at 17.)

"As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so."    *BAE Sys. Tech. Sol. & Servs. Inc., v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2013) (citation omitted).    This presumption applies when the forum selection clause is mandatory or *requires* that litigation occurs in a specific venue or forum.    *Id.*    The presence of such a clause "reverses the presumptions" in favor of the Plaintiff's chosen forum, and instead, the clause "is 'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." *Id.* at 471 (citation omitted).

When determining whether a forum selection clause is mandatory or permissive, a federal court must apply federal law.    *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010).    If, however, "a contract contains both a forum selection clause and a choice-of-law provision, 'the choice-of-law indicated gives context to the forum-selection clause.'"    *Aerotek Inc. v. Babcock & Wilcox Solar Energey, Inc.*, No. 1:24-cv-00177-JRR, 2024 WL 4792116, at *3 (D. Md. Nov. 14, 2024) (quoting *Evans v. Cantor Ins. Grp., LP*, No. GJH-21-617, 2021 WL 4951917, at *3 (D. Md. Oct. 25, 2021)); *Albermarle*, 628 F.3d at 651.

The forum selection clause at issue, which is also accompanied by a choice of law provision, provides:

> **I AGREE** that the exclusive venue of any suit or claim against the Released Parties for any reason whatsoever shall be the Magistrate or Circuit Courts of Fayette County, West Virginia; I consent to the jurisdiction of such Courts as to any action against me to enforce

this Agreement; and I agree that this Agreement is to be enforced in accordance with the law of the State of West Virginia.

(Document 7-1 at 2.)[4]   This forum selection clause is mandatory under both federal and West Virginia law, given that it provides that the Magistrate or Circuit Courts of Fayette County, West Virginia, will have "exclusive venue."   *Albermarle*, 628 F.3d at 650 (explaining that "federal courts have found dispositive the particular language of the clause and whether it authorizes another forum as an *alternative* to the forum of the litigation or whether it makes the designated forum *exclusive*"); *Caperton v. A.T. Massey Coal Co., Inc.*, 690 S.E.2d 322, 337 (W. Va. 2009) (explaining that "[a] mandatory forum[-]selection clause contains clear language indicating that jurisdiction is appropriate only in a designated forum").   Thus, the presumption that the clause is enforceable unless it is unreasonable is applicable.[5]

A forum selection clause may be unreasonable if:

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

---

[4] Given that there is a choice of law provision, the Court will also look to West Virginia law in determining whether the forum selection clause is mandatory.

[5] West Virginia law further requires that a forum selection clause be reasonably communicated and that it cover the claims and the parties involved in the suit for the presumption to apply.   *See Caperton*, 690 S.E.2d at 337, 340.   The Court finds that the forum selection clause at issue in this case meets both requirements.   The forum selection clause was reasonably communicated given that the clause itself is clear and plainly worded.   The forum selection clause also covers the claims and the parties in this case given that the forum selection clause contained in the agreement, which was signed by Decedent Mr. Horbal on behalf of himself and his family, provides that they agree that "any suit or claim against the" Defendant will be subject to the exclusive venue of the Magistrate or Circuit Courts of Fayette County, West Virginia.

6

*Albermarle*, 628 F.3d at 651 (quoting *Allen v. Llyod's of London*, 94 F.3d 923, 928 (4th Cir. 1996)). The Plaintiff does not assert that the forum selection clause will deprive her of her day in court. Nor does she assert that the chosen law will deprive her of a remedy.

Turning to inducement by fraud or over-reaching, the Plaintiff argues that the agreement as a whole is unconscionable.   However, the Court must "look to the enforceability of the forum-selection clause apart from any allegations related to the underlying validity of the contract." *Williams v. MJC Acquisition*, LLC, No. 3:19-0643, 2020 WL 597464, at *3 (S.D. W. Va. Feb. 6, 2020) (stating "that attacking the underlying validity of a contract is an insufficient basis for rejecting an otherwise valid forum-selection clause").   In other words, the Plaintiff must show that the forum selection clause itself was induced by fraud or over-reaching, rather than the entire agreement, because any issues related to the validity of other provisions or the agreement as a whole go to the merits and not the enforceability of the forum selection clause.   *See Williams*, No. 3:19-0643, 2020 WL 597464, at *3 (S.D. W. Va. Feb. 6, 2020); *see also Sheldon v. Hart*, No. 5:09CV51, 2010 WL 114007, at *5 (N.D. W. Va. Jan. 8, 2010) (explaining that "in order to make a successful challenge to a forum selection clause, 'the claims of fraud or overreaching must be aimed straight at the [forum selection] clause'") (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)); *Manchin v. QS-1 Data Systems*, No. 1:12CV93, 2013 WL 4099849, at *3 (N.D. W. Va. Aug. 12, 2013) (explaining that "the party arguing that the clause should not be enforced for fraud or overreaching must specifically allege that the fraud [or over-reaching] relates to the forum selection clause, not to the contract as a whole") (citation omitted).   Although the Plaintiff attacks the entire agreement and may be able to show that enforcement of other provisions of the agreement would be unconscionable, she has not demonstrated that enforcement

7

of the forum selection clause would be unconscionable or unjust.[6]   In other words, the Plaintiff has not shown that the forum selection clause, itself, was the product of fraud or over-reaching.

Lastly, the Plaintiff argues that West Virginia has a public policy against defendants absolving themselves of any duties and obligations required by safety statutes and regulations. Although the Plaintiff argues that public policy is implicated, she does not assert how the enforcement of the forum selection clause would contravene such public policy.   Instead, she asserts that public policy would be contravened by enforcement of the liability waiver found in the agreement, which clearly goes to the legal merits.[7]   Moreover, the Plaintiff does not point to any other public policy implicated by the enforcement of the forum selection clause.   The Plaintiff simply has not demonstrated that enforcement of the forum selection clause would contravene West Virginia public policy.

Because the Plaintiff has not demonstrated that the forum selection clause is unreasonable, the Court finds that the clause is enforceable.   Accordingly, this case should be dismissed.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss* (Document 6) be **GRANTED** and that this case be **DISMISSED without prejudice**.

---

[6] To the extent the Plaintiff's arguments are aimed at the forum selection clause, she asserts that the forum selection clause "strips out of state diverse citizens of their rights and access to the federal courts."   (Pl.'s Resp. at 13.) However, the fact that enforcement of the forum selection clause would deprive a plaintiff of their chosen forum alone is insufficient to show it is unreasonable or unjust.

[7] Similarly, she argues that because the liability waiver contravenes public policy, it voids the entire Agreement. However, as previously mentioned, asserting that the entire agreement is void as a matter of law is insufficient to demonstrate that the forum selection clause is unenforceable.   *See Williams*, No. 3:19-0643, 2020 WL 597464, at *3 (S.D. W. Va. Feb. 6, 2020)

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   August 11, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9